IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD WATERS,

    Plaintiff,

v.

WINDSTREAM COMMUNICATIONS,

    Defendant.

Civil Action No. 7:13-CV-24 (HL)

**ORDER**

Plaintiff has responded to the Court's show cause order entered on August 5, 2013. In his response Plaintiff states that Defendant has refused to sign a waiver of service of the summons and that he has now undertaken steps to have Defendant personally served.

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days from the date the complaint is filed to serve the defendant. If a plaintiff shows good cause for the failure to serve the defendant within the 120-day period, the court must extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). But "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." Id. at 1282. Indeed, "when a district court finds that a plaintiff fails to show good cause[,] . . . the district court must still consider whether any other

circumstances warrant an extension of time based on the facts of the case." Id. "Only after considering whether any such factors may exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

With respect to whether Plaintiff has shown good cause, there is no evidence that he has relied on faulty advice; however, there is also no evidence that he has acted negligently or otherwise failed to proceed in good faith when attempting to serve Defendant. He has attempted to get Defendant to waive service, and states he has now taken affirmative steps to have Defendant personally served. The record shows that Plaintiff has acted diligently and has made efforts to comply with Rule 4.

Upon consideration, the Court finds that Plaintiff has shown good cause for extending the deadline for effecting service on Defendant. Plaintiff shall have until September 20, 2013 to effect service on Defendant. Failure to effect service within this time period may result in the dismissal of this case without prejudice. If Plaintiff cannot serve Defendant within this time period and needs additional time, he must file a motion with the Court before September 20 which details his efforts to serve Defendant.

**SO ORDERED**, this the 27th day of August, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh